UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN D. SCHUTTE, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN COLVIN, <br><br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. C14-1822RSM <br><br> ORDER ON SOCIAL SECURITY DISABILITY |

## I.   INTRODUCTION

Plaintiff, John D. Schutte,[1] brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income disability benefits, under Title II and Title XVI of the Social Security Act.  This matter has been fully briefed and, after reviewing the record in its entirety, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

## II.   BACKGROUND

Plaintiff filed an application for Supplemental Security Income disability benefits (SSI) on January 30, 2012, alleging disability beginning February 17, 2000.  Tr. 12.  Plaintiff's claims were denied initially and on reconsideration.  *Id.*

---

[1] The government erroneously references Plaintiff as Adam Campbell, but discusses the facts and arguments relevant to Mr. Schutte and his claims.  Dkt. #18.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 1

On March 7, 2013, Administrative Law Judge ("ALJ") Ilene Sloan held a video hearing with Plaintiff. *Id.* Plaintiff was represented by counsel, Richard A. Baum. Judge Sloan issued an unfavorable decision on April 18, 2013. Tr. 9-24.

Plaintiff requested administrative review of the ALJ's decision. Tr. 7-8. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. 1-3. Plaintiff timely filed this judicial action.

### III. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 2

more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## V. EVALUATING DISABILITY

As the claimant, Mr. Schutte bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity" (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). [2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform

---

[2] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R § 404.1572.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 4

other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## VI. ALJ DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:** Mr. Schutte had not engaged in substantial gainful activity since January 30, 2012, the application date. Tr. 14.

**Step two:** Throughout the period at issue, Mr. Schutte had medical impairments that caused more than a minimal effect on his ability to perform basic work activities. Specifically, he suffered from the following "severe" impairments: depression, anxiety, and personality disorder. Tr. 14.

**Step three:** During the period at issue, these impairments were not severe enough to meet the requirements of any listed impairment in Appendix 1, Subpart P, Regulations No. 4. Tr. 17.

**Residual Functional Capacity:** Mr. Schutte had the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant is able to perform routine tasks." Tr. 18.

**Step four:** Mr. Schutte is capable of performing past relevant work as a census enumerator and janitor. Tr. 22.

**Step five:** Alternatively, considering the Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Mr. Schutte can perform, such as motel cleaner, car wash attendant, and bottle packer. Tr. 22-23.

---

[3] 20 C.F.R. §§404.1520, 416.920.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 5

## VII.   ISSUES ON APPEAL

Plaintiff now challenges the ALJ's determination in four ways, arguing that she erred:

1) when she did not find Plaintiff's medical condition of chronic low back pain from degenerative disorders of the back is a severe impairment;

2) by not obtaining the prior file when Plaintiff was allowed disability payments in 2005, or by not providing the reasons the prior file was not obtained, and the reasons she did not proffer the evidence on which she based her determinations that the prior file was not related to his back pain and not relevant to the instant proceedings;

3) when she determined that Plaintiff can perform prior work as a census taker or janitor; and

4) when she found Plaintiff not fully credible concerning his functional limitations when she made her RFC determination.

Dkt. #14.

## VIII.   DISCUSSION

### A. The ALJ's Assessment of the Medical Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 6

all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id*. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id*.; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*,

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 7

242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."  *Lester*, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."  *Id*. at 830-31; *Tonapetyan*, 242 F.3d at 1149.  "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record."  *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

In this case, Plaintiff argues that the ALJ ignored certain evidence in the record, improperly relies on her own speculation and/or unprofessional medical opinions, and failed to give proper weight to, or provide sufficient reasons for rejecting, the opinions and findings of his treating and examining physicians.  For the reasons discussed herein, the Court agrees.

*1. Record Evidence*

In her denial, Judge Sloan acknowledged Mr. Schutte had sought treatment for his back pain, but ultimately determined that his "low back condition" did not result in vocational limitations and found that it was not severe.  Tr. 15 and 17.  Plaintiff argues that Judge Sloan ignored the record evidence in reaching this conclusion.  The Court agrees.

First, Judge Sloan dismisses Plaintiff's assertions of physical limitations due to back pain by citing alleged inconsistencies in his records from the Department of Corrections.  Tr. 15.  However, the same documents to which she cites for Plaintiff's denial of any physical limitations also reflect his reports of physical limitations.  For example, Judge Sloan cites to a page from the Department of Corrections records dated August 10, 2010, where the "no" box is checked for the question "Do you have any physical or functional limitations?"  Yet, on the

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 8

same page, the "yes" box is checked for the question "Do you have a significant problem or history, including dental?", and the word "back" is written, with the box "Advise sick call" checked next to it. Tr. 266. The ALJ also cites to a October 12, 2010, record, wherein the same document reflects: "Chief Complaint My low back: I want to treat my hs (sic) pain nonnarcotically." Tr. 271. These documents cannot be as conclusive as Judge Sloan asserts given those inconsistencies.

Judge Sloan also cites to a December 14, 2011, medical record where Plaintiff "complained of low back pain with pain down his right leg/foot", but then concludes that because the medical professionals restricted Plaintiff's physical activities to "no sitting or standing for >1 hr. without ability to change positions X 2 wks," which restricted Mr. Schutte's ability to work, that he may have been motivated to get medical treatment to get out of work and not because of any real physical limitation. *See* Tr. 15. This appears to be pure speculation. Likewise, the ALJ gives "this [DOC] medical opinion" little weight because it is not consistent with the "minimal objective findings during the evaluation." *Id.* However, she does not explain how she reached that opinion or on what evidence she bases such opinion. The record also reflects that less than one month later, on January 11, 2012, Plaintiff sought medical treatment for the same symptoms. Tr. 241. On that date, Mr. Schutte was apparently experiencing "chronic low back pain and pain in both feet ... Having hard time at work standing". *Id.* Treatment notes stated that he "walks limp to Rt leg; sits straight back in chair & guards low back. Exam otherwise unremarkable [except] tender palpation over lower Lumbar paraspinous processes". Tr. 241. Plaintiff was assessed with "chronic low back pain [with] radicular symptoms [with] acute exacerbation", and received work restrictions of "No standing > hr @ a time & to be able to sit frequently & change positions X 2 wks." *Id.* The

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 9

ALJ does not make note of this information so the Court cannot know whether she considered it, but it is consistent with Plaintiff's assertions of work limitations.

Judge Sloan then evaluates the Functional Assessment dated February 3, 2012, and signed by both Mark Vandervort, PA-C and Dr. Richard Wei, M.D. Tr. 15 (citing AR 309-314). These providers elicited objective medical evidence that "supine straight-leg raise and seated straight-leg raise are both positive on the right, reproducing low back pain, with supine at about 45 degrees", and diagnosed him with chronic low back pain. *See* Tr. 314. They also opined that Mr. Schutte is limited to sedentary exertional work ("sit for most of the day; walking and standing for brief periods." Tr. 309. Yet Judge Sloan appears to dismiss these opinions, giving them "little weight" on the basis that "it is not consistent with the minimal objective findings of the evaluation," apparently because she believed that the opinions were based primarily on subjective reports from Plaintiff. Tr. 15. She further stated: "even a straight leg-raising test is subjective to a degree." *Id.* However, this once again appears to be an assumption on her part, not supported by the evidence.

The Commissioner first argues that Judge Sloan's conclusion was ultimately appropriate because pain is a symptom, not a diagnoses, and therefore she reasonably found that Plaintiff did not have a severe back impairment. Dkt. #18 at 3. The Court finds this argument disingenuous. SSA employees appear to have acknowledged that Plaintiff has discogenic or degenerative disorders of his back on its various forms. *See* Tr. 69, 75, 82 and 89. Further, the ALJ's conclusion is belied by the record, which contains evidence that Plaintiff suffers physical limitations as a result of his back condition. In addition to that discussed above, Dr. Jeffrey Merrill, a medical advisor to the Disability Determination Services (DDS), opined that Plaintiff is limited to light exertional work. Tr. 90-92 and 94-95. He stated

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 10

that Plaintiff's "statements about the intensity, persistence, and functionally limiting effects of the symptoms (are) substantiated by the objective medical evidence alone." Tr. 90. For all of these reasons, Judge Sloan erred when she determined that Plaintiff's low back pain is not a severe impairment.

The Commissioner argues that any error by the ALJ is harmless because she proceeded to Step Three of the benefits analysis. Dkt. #18 at 4. However, the Court does not find such error harmless because the remaining analysis by Judge Sloan does not account for any potential physical limitations caused by a back condition.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout*, 454 F.3d at 1055-56). Even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* at *9 (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Because of the evidence discussed above, this Court cannot conclude with confidence that no reasonable ALJ, when fully considering such evidence, would find that Mr. Schutte's

back condition does not constitute a severe impairment. Therefore, the Court also cannot conclude that the error is harmless. *See Marsh*, Dock. No. 12-17014, 2015 U.S. App LEXIS 11920 at *7-*8 (*citing Stout*, 454 F.3d at 1055-56).

However, it is because this determination should be made by "the ALJ and the Commissioner of the Social Security Administration in the first instance" that this matter shall be reversed and remanded for further administrative proceedings, as opposed to being reversed with a direction to award benefits. *See id.* The Court concludes that on this issue, further administrative proceedings would be useful. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

*2. The ALJ's Assessment of Plaintiff's Credibility*

The Court has already concluded that the ALJ erred in reviewing the medical evidence, which will result in remand as discussed herein. A determination of a claimant's credibility relies in part on the assessment of the medical evidence, which must be evaluated anew upon remand. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, Plaintiff's credibility should be assessed anew following remand of this matter.

*3. Mr. Schutte's Prior File*

Mr. Schutte applied for Social Security disability benefits in February of 2005, and was determined to be disabled at the initial application stage. Tr. 71 and 191-192. According to Mr. Schutte, he was granted benefits based on his back condition. Tr. 56. He lost those benefits when he was incarcerated in 2010 for a period exceeding 12 months. Throughout his proceedings, Mr. Schutte, through counsel, requested a copy of his prior file because he believes information from that file would be relevant and helpful to assess the application currently at issue. It is not clear whether the prior file was ever requested or received. The

initial examiner on Plaintiff's claim states that the file would be requested. Tr. 325. However, there is nothing that reflects the request was actually made and Plaintiff has never received a copy.

During the hearing, Judge Sloan stated:

> Well, if the, if the file exists – well, first I wanted to find out what the previous file was dated on, and if the file does exist then I will make a determination whether any of that information needs to be in this file. If I, if I decide that based on what the previous date was, that I do need the file, even though it's not in this relevant period, then I would certainly proffer that information. I wouldn't be looking at any information not proffered.

Tr. 67-68.

In her denial, Judge Sloan then made the following contradictory statement:

> Mr. Baum, at the hearing, inquired regarding the claimant's previous application and requested the file be obtained. I have determined the claimant was not paid in relation to his alleged back problem. We were unable to obtain the file, and I do not find the file to be relevant to these proceedings as the record does not support any new or continuing impairments that indicate the claimant is disabled.

Tr. 12.

Mr. Schutte now seeks the evidence upon which Judge Sloan relied in determining that the prior file did not pertain to his back condition and that it is not relevant. Mr. Schutte notes that pursuant to regulation, paper files are retained for either five years (non-disability) or ten years (disability) after the last payment is made, so his file should still be in existence. Dkt. #14 at 12. The Court notes that "[i]n Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). In this case, Plaintiff is entitled to his file to review it for objective medical evidence pertaining to his back condition, or at the very least, he is entitled to know

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 13

what Judge Sloan relied on when determining that his prior file did not relate to his back condition, particularly because she stated that she was unable to obtain the file.

*4. Remaining Issues*

Given that this Court is remanding for further proceedings at Step 2, which may necessitate new findings at the remaining steps, the Court declines to address Plaintiff's additional assignments of error at this time.

## IX.   CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings consistent with this Order.  On remand, the ALJ shall reevaluate the medical and other opinion evidence, Mr. Schutte's RFC, his credibility and, if necessary, steps two, three, four and five of the five step sequential evaluation.

The Commissioner is further directed to provide a copy of Mr. Schutte's prior file to Mr. Schutte and his counsel for review, and copies of any documents relied upon by Judge Sloan to make her determination that his prior file did not relate to his back condition and was therefore irrelevant.

Plaintiff may choose to re-contact the treating and examining sources for updated records and other medical source statements and obtain additional medical and vocational expert testimony to present at the hearing.

DATED this 6 day of October, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE